# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Charles Gatchell, | : | Case No. 1:09 CV0565 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT** |
| | | **AND RECOMMENDATION** |
| Rich Gansheimer, Warden, | : | |
| Respondent. | : | |

This case, filed pursuant to 28 U.S.C. § 2254[1], was referred to the undersigned Magistrate pursuant to Local Rule 72.2[2].  Pending is Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1), to which Respondent filed a Motion to Dismiss (Docket No. 10) and Petitioner filed a Traverse/Response (Docket No. 11).  For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and grant the Motion to Dismiss.

---

[1]

The Ohio Supreme Court, a justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254 (Thomson/West 2007).

[2]

**Rule 72.2 Assignment and Referral of Matters to Magistrate Judges**

**(a) General.**  The method for assignment of duties to a Magistrate Judge and for the allocation of duties among the several Magistrate Judges of this Court shall be made in accordance with orders of the Court or by special designation of a District Judge.

## I.  PROCEDURAL BACKGROUND

### A.    THE FIRST CONVICTION.

Petitioner pled no contest to a charge of driving under the influence on or about November 2, 1994. Petitioner was ordered to serve ten days of a sixty-day sentence in the Lake County Jail commencing on January 8, 1995.  Fifty days of the jail sentence was suspended subject to compliance with the terms of probation (Docket No. 10, Exhibit 37, p. 68 of 125).

### B.    THE SECOND CONVICTION.

Petitioner entered a plea of no contest to the charge of driving under the influence on September 18, 1995.  He was sentenced to serve a term of incarceration of sixty days in the Lake County Jail, five days of which were to be served commencing on November 3, 1995, followed by eighteen days of house arrest.  The remaining 50 days of the jail sentence were suspended pending compliance with the terms of probation (Docket No. 10, Exhibit 20, p. 215 of 215).

### C.    THE THIRD CONVICTION

Petitioner pled no contest to a charge of driving under the influence on September 9, 1996.  He was sentenced to serve a term of incarceration of 180 days, 60 days of which were to start on October 20, 1996 (Docket No. 10, Exhibit 20, p. 214 of 215).

### D.    THE FOURTH CONVICTION.

Petitioner was issued a citation on June 23, 1997 for operating a vehicle under the influence of alcohol and/or drugs (Docket No. 10, Exhibit 20, p. 202 of 215).  On October 31, 1997, the jurors of the Lake County Grand Jury indicted Petitioner on one count of operating a vehicle while under the influence of alcohol or a drug of abuse.  The indictment specified that Petitioner had been previously convicted of or pleaded guilty of three or more violations within the last six years (Docket No. 10, Exhibit 27, p. 65 of 125).  On February 23,

2

1998, Judge James W. Jackson ordered that Petitioner serve a mandatory sixty consecutive days of local incarceration, two years of community control, pay a mandatory fine, continue counseling and follow all aftercare recommendations (Docket No. 20, p. 206 of 215).

> **E.  THE FIFTH CONVICTION.**

Petitioner pled no contest to a charge of driving under the influence on January 22, 2004.  He was sentenced to serve a term of incarceration totaling 180 days in the Lake County Jail.  Petitioner was to commence serving eighteen days in jail commencing on February 9, 2004, followed by house arrest.  The remaining sentence was suspended subject to compliance with the terms of probation (Docket No. 10, Exhibit 20, p. 213 if 215).

> **F.  THE SIXTH CONVICTION.**

On December 2, 2005, the jurors of the Lake County Grand Jury returned a one count indictment against Petitioner  for operating a vehicle under the influence of alcohol subject to the specification that Petitioner had been convicted of or pleaded guilty to operating a vehicle under the influence of alcohol, a drug of abuse or a combination of both in violation of OHIO REV. CODE § 4511.19(A).  Petitioner waived the right to be present at arraignment and entered, through counsel, a plea of not guilty on all counts (Docket No. 10, Exhibit 1).  Judge Eugene A. Lucci denied Petitioner's motions to suppress[3] (Docket No. 10, Exhibit 7).  Prior to the trial on April 19, 2006, Petitioner withdrew his plea of not guilty and entered a plea of guilty (Docket No. 10, Exhibit 9).  On May 25, 2006, Petitioner was sentenced to a definite term of incarceration totaling five years with a credit of 45 days for time served, ordered to complete mandatory alcohol and drug treatment, pay

---

[3] Petitioner argued that the Painesville Police lacked probable cause to stop, detain or arrest him; consequently, the arrest was invalid and all statements made during detention and arrest were in violation of constitutional safeguards.  Petitioner further argued that the confidential medical information should be suppressed as the medical information was obtained in violation of Ohio Rev. Code §§ 2317 and 2317.022.

3

a fine and forfeit the vehicle he was operating at the time of the offense (Docket No. 10, Exhibit 10).

### G. APPEAL FROM THE SIXTH CONVICTION.

Petitioner perfected an appeal pursuant to APP. R. 9(B) in the Eleventh District Court of Appeals on July 5, 2006[4] (Docket No. 10, Exhibit 11). The Court of Appeals affirmed the trial court's judgment on March 12, 2007[5] (Docket No. 10, Exhibit 16, pp. 132 of 161 - 134 of 161). Petitioner filed a memorandum in support of jurisdiction. On August 13, 2007, Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 10, Exhibit 18).

### H. POST CONVICTION RELIEF–PETITION TO SET ASIDE JUDGMENT.

Petitioner filed a petition to set aside judgment of conviction on November 7, 2006 in the Lake County Court of Common Pleas[6] (Docket No. 10, Exhibit 19). The trial court entered an order dismissing the petition on February 5, 2007 (Docket No. 10, Exhibit 20). Petitioner filed a notice of appeal and motions for appointment of counsel and a medical expert in the Eleventh District Court of Appeals on February 27, 2007 (Docket No. 10, Exhibit 23). The Court of Appeals found that Petitioner's assignments of error were not well

---

[4]

In the supporting brief on the merits, Petitioner asserted five assignments of error. First, the trial court erred when it sentenced him to more than the minimum prison term in violation of the Due Process and Ex Post Factor Clauses of the Ohio and United States Constitutions. Second, the trial court erred when it sentenced him to more than the minimum prison term in violation of his right to due process. Third, the trial court erred when it sentenced him to a more than the minimum prison term based on the Supreme Court of Ohio's severance of the offending provisions under the Supreme Court's decision in *State v. Foster*, 109 S. Ct. 3d 1, 845 N. E. 2d 470 (2006)). Fourth, the trial court erred in sentencing him to a more than minimum prison term when the Rule of Lenity dictated a lesser penalty. Fifth, the trial court erred when it sentenced him to a more than minimum prison term contrary to the intent of the Ohio legislators.

[5]

The Court, without extensive explanation, found that Petitioner's assignments of error had been addressed in *State v. Elswick*, 11th Dist. No. 2006-L-07, 2006-Ohio-7011. Based on *Elswick*, Petitioner's assignments of error were considered without merit.

[6]

Petitioner alleged that he was unable to understand the nature of the proceedings against him because of the undue influence of Oxycodone (an opioid pain killer) and Soma (a muscle relaxer). Thus, he was denied due process. The court of common pleas did not fully comply with the terms of the negotiated plea agreement.

4

taken and the judgment of the trial court was affirmed[7] (Docket No. 10, Exhibit 27).

## I.    POST-CONVICTION RELIEF–MOTION TO WITHDRAW PLEA AND MOTION TO DISMISS.

Petitioner filed a motion to withdraw an invalid plea and motion to dismiss on May 7, 2007 (Docket No. 10, Exhibit 34, pp. 25 of 125 - 35 of 125).  Judge Lucci denied the motions on May 31, 2007 (Docket No. 10, Exhibit 30). On December 4, 2007, Petitioner filed a motion for leave to file a delayed appeal in the court of appeals (Docket No. 20, Exhibit 35).  The Court of Appeals granted Petitioner's motion (Docket No. 10, Exhibit 36).  On September 15, 2008, the court of appeals found that Petitioner's issues were not well taken and the judgment of the Lake County Court of Common Pleas was affirmed[8] (Docket No. 10, Exhibit 42).  On October 14, 2008, Petitioner filed a notice of appeal from the judgment entered on September 15, 2008, and a memorandum in support of jurisdiction in the Ohio Supreme Court[9] (Docket Nos. 10, Exhibits 43 and 45). On October 16, 2008, the court of appeals denied Petitioner's motion for reconsideration filed on September 19, 2008, as untimely filed (Docket No. 10, Exhibit 47, pp. 65 of 94 -66 of 94).  On February 12, 2009, Chief Justice Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial

---

[7]

Petitioner argues that the trial court committed reversible error by summarily dismissing Petitioner's claim for post-conviction relief asserting ineffective assistance of counsel.  Next, the court erred in accepting Petitioner's guilty plea considering that he was under the influence of synthetic heroin.  Petitioner's third claim is that the trial court denied his right to have an expert witness testify on his behalf and the trial court erred in revoking his bond.  Petitioner further argues that he was deprived of counsel to the extent that counsel failed to subject the State of Ohio's case to adversarial testing.  Finally Petitioner contends that he was "leveraged into a plea agreement" of eighteen months.

[8]

The Court addressed six issues.  First, whether the trial court erred in dismissing the motion to dismiss.  Second, whether the indictment for a misdemeanor could be used to enhance charges to a higher level felony.  Third, whether the charging instrument articulated the essential elements of the offense.  Fourth, whether the charging instrument is a product of double jeopardy.  Fifth, whether Petitioner was deprived of effective assistance of counsel.  Sixth, whether Petitioner's diminished mental capacity affected his decision to enter a guilty plea.

[9]

Petitioner presented seven propositions of law in the memorandum in support of jurisdiction.  First, Petitioner's guilty plea was void for lack of subject matter jurisdiction.  Second, the court erred in dismissing the charges against him and/or the motion to withdraw his guilty plea.  Third, the indictment improperly used prior convictions for misdemeanors to enhance his offenses. Fourth, the charging instrument is the product of double jeopardy.  Fifth, the charging instrument was the product of double jeopardy. Sixth, Petitioner was under a diminished mental capacity derived from drug intake.

constitutional question (Docket No. 10, Exhibit 48).

### J.    POST-CONVICTION RELIEF--MOTION FOR LEAVE TO FILE A DELAYED APPEAL.

Petitioner's motion for leave to file a delayed appeal of December 4, 2007 was granted on March 3, 2008, by Judge Colleen Mary O'Toole of the Eleventh District Court of Appeals  (Docket No. 20, Exhibits. 34 and 36).  On April 22, 2008, Petitioner filed a merit brief[10] (Docket No. 10, Exhibit 37).  Petitioner filed a supplemental pleading on August 6, 2008[11] (Docket No. 10, Exhibit 39).  On September 19, 2008, Petitioner requested reconsideration of the judgment declining to review and apply the cases discussed in the supplemental pleading (Docket No. 10, Exhibit 49).  On October 16, 2008, the court of appeals overruled the application for reconsideration (Docket No. 10, Exhibit 52).

### K.    FEDERAL HABEAS CORPUS.

Petitioner filed the Petition for Writ of Habeas Corpus on March 19, 2009 (Docket No. 1).  His six grounds for relief are set forth in "Appendix A" of his pleading.  First, Petitioner alleges that his guilty plea, conviction and sentence are void for lack of subject matter jurisdiction as the specification failed to contain mandatory language.   Second, Petitioner alleges that the indictment, which uses prior uncontested misdemeanor convictions to enhance the charges to a felony, violates protections afforded him under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.  Third, Petitioner argues that his guilty plea is the product of diminished mental capacity.  Petitioner's fourth claim is that he was deprived of the

---

[10]

Petitioner presented six issues for the court's review.  First, the trial court erred in dismissing his motion to dismiss, in violation the Due Process and Equal Protection Clauses.  Second, use of the prior "uncounseled" misdemeanor conviction to enhance charges violates the Due Process and Equal Protection Clauses.  Third, the charging instrument lacked adequate articulation of the essential elements of the offense and the reliance of the prior conviction.  Fourth, the charging instrument is a product of double jeopardy.  Fifth, Petitioner was denied the effective assistance of counsel.  Sixth, Petitioner was under a diminished mental capacity derived from drug intake.

[11]

Petitioner argued that the conviction was void because the indictment failed to include the mandatory statutory language of OHIO REV. CODE § 2941.1413.

effective assistance of counsel.  Petitioner's fifth claim is that the enhancement of his sentence based on a prior conviction is unconstitutional under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Petitioner's sixth claim is that he was denied due process and equal protection under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when his request for medical expert testimony was denied and his bond was revoked for being under the influence of drugs.

In his Traverse, Petitioner reiterates issues already raised in the pleadings filed in the trial and appellate courts.  Two issues were not presented in prior pleadings.  First, the trial court erred in denying Petitioner a hearing on his claim for ineffective assistance of counsel.  Second, defense counsel and the prosecutor engaged in misconduct.

## II.  JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States.  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).

Petitioner pled guilty to and was convicted in the Lake County Court of Common Pleas of one count of driving under the influence of alcohol and/or drugs, with specification of prior convictions.  He is confined in the Lake Erie Correctional Institution as a result of his conviction.  Petitioner is in custody for purposes of habeas jurisdiction.

Petitioner asserts that he has been deprived of rights guaranteed him under the Sixth and Fourteenth Amendments.  Such claims, if true, are phrased sufficiently to allege a violation of the constitution or laws or treaties of the United States.  Since Petitioner has satisfied both prongs of the jurisdictional test, the Magistrate finds that this Court has subject matter jurisdiction to consider Petitioner's Petition for Writ of

Habeas Corpus.

### III.  HABEAS CORPUS STANDARD OF REVIEW

In determining whether to issue a habeas writ, the standards set forth in the AEDPA are controlling. *Stewart v. Erwin*, 503 F. 3d 488, 492 (6th Cir. 2007).  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Id.* (*citing* 28 U.S.C. § 2254(d)).  A state court decision on the merits is contrary to clearly established Supreme Court precedent only if a rule that contradicts the governing law set forth in Supreme Court cases" or if it confronts a set of facts that are materially distinguishable from a decision of the Court and nevertheless arrives at a different result.  *Id.* (*citing Mitchell v. Esparaza*, 124 S. Ct. 7, 10 (2003) (per curiam) (*quoting Williams v. Taylor*, 120 S. Ct. 1485, 1519-1520 (2000); *see also Bell v. Cone*, 122 S. Ct. 1843, 1850 (2002)).

"[W]here the state court decides a claim on the merits but does not articulate the reasons for its decision, [a federal habeas court is] 'obligated to conduct an independent review of the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented.' " *Id.* (*quoting Daniels v. Lafler*, 192 Fed. Appx. 408, 419 (6th Cir. 2006) (*quoting Harris v. Stovall,* 212 F.3d 940, 943 (6th Cir. 2000) *cert. denied*, 121 S. Ct. 1415 (2001)). "This 'independent review' is 'not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA.' " *Id.* (*citing Harris,* 212 F.3d at 943).

### IV.  ANALYSIS

The Petition for Writ of Habeas Corpus was timely filed consistent with the statute of limitations prescribed under 28 U. S. C. § 2244(d)(1) (A), or within one year after the date on which the trial court's judgment became final by the conclusion of direct review.  Respondent argues that Petitioner's claims are waived, procedurally defaulted or not cognizable.  Petitioner does not provide a rationale for meeting the procedural prerequisites for habeas review.  He does suggest, however, that since he is "*pro se,*" the Court should construe his claims liberally with some degree of flexibility.

1.  **GUILTY PLEAS AND HABEAS RELIEF.**

Claims of deprivation of constitutional rights that occur before the entry of a guilty plea are normally foreclosed by that plea.  *Marrero v. White,* 2009 WL 3190419, *4 (E. D. Mich. 2009) (*see United States v. Broce*, 109 S.Ct. 757, 762 (1989); *Tollett v. Henderson*, 93 S.Ct. 1602, 1608-1609 (1973)).  A guilty plea represents a break in the chain of events which has preceded it in the criminal process.  *Id.* (*citing Tollett,* 93 S. Ct. at 1608).  When a criminal defendant has solemnly admitted in open court that he or she is in fact guilty of the offense with which he or she is charged, the criminal defendant may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  *Id.* He or she may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he or she received from counsel was not within [constitutional standards].  *Id.* (*citing Tollett,* 93 S. Ct. at 1608). Simply stated, a defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his or her plea.  *Id.*  In such a case, the district court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *Id.* (*citing Broce, supra*, 109 S. Ct. at 762).

Counsel for Petitioner did not raise an issue on direct appeal of whether the plea was a voluntary agreement since at the sentencing hearing, Judge Eugene A. Lucci asked Petitioner if he was under the influence of any drugs, alcohol or medication of any kind.  Petitioner responded "no, sir" (Docket No. 10, Exhibit 20, p. 34 of 215).  Petitioner asserted for the first time in his motion for post-conviction relief that

9

perhaps the consumption of Oxycodone and Soma affected the voluntariness of his plea agreement. Respondent contends that since Petitioner did not present this issue in a direct appeal, the Court's assessment of whether Petitioner's plea was voluntary is procedurally defaulted.

      a. PROCEDURAL DEFAULT.

A federal court may review federal claims that were evaluated on the merits by a state court. *Christian v. Williams*, 2009 WL 2256956, *9 (N. D. Ohio 2009) (*citing Bonnell v. Mitchel,* 301 F. Supp.2d 698, 722 (N. D. Ohio 2004)). Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review. *Id.*

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Id.* (*citing Wainwright v. Sykes*, 97 S. Ct. 2497, 2506 (1977)). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Id.* (*citing Coleman v. Thompson,* 111 S. Ct. 2546, 2554 (1991)). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Id.* (*citing Munson v. Kapture,* 384 F.3d 310, 314 (6th Cir. 2004) (*citing Ylst v. Nunnemaker*, 111 S.Ct. 2590, 2595 (1991) (emphasis removed)).

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Id.* (*citing Coleman, supra*, 111 S. Ct. at 2557). Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Id.* (*citing Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986)). Under the *Maupin* test, a reviewing court must decide:

(1)     whether the petitioner failed to comply with an applicable state procedural rule;

(2)      whether the state courts actually enforced the state procedural sanction;

(3)      whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)      if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin,* there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Id.* (*citing Ford v. Georgia,* 111 S.Ct. 850, 857 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson,* 434 F.3d 412, 418 (6th 2006) *cert. denied sub nom Houk v. Franklin*, 127 S. Ct. 941 (2007)).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims.  *Id.* (citing *Coleman, supra*, 111 S.Ct. at 2553 (appeal dismissed for lack of jurisdiction); *Richey,* 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker,* 371 F.3d 310, 320 (6th Cir. 2004) *cert. denied*, 125 S. Ct. 1620 (2005) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker,* 231 F.3d 265, 310 (6th Cir. 2000) *cert. denied*, 121 S. Ct. 2577 (2001) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million,* 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply)).

With respect to the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Id.* (*citing Munson, supra,* 384 F.3d at 313-14).  A state's *res judicata* rule barring post-conviction claims which could have been raised on appeal is an adequate and independent ground for *Maupin* purposes.

*Id.* (*citing White v. Mitchell,* 431 F.3d 517, 527 (6th Cir. 2005) *cert. denied sub nom Houk v. White*, 127 S. Ct. 578 (2006); *Mason v. Mitchell,* 320 F.3d 604, 628 (6th Cir. 2003)).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* (*citing Coleman, supra,* 111 S. Ct. at 2565). "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Id.* (*citing Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir.1984), *cert. denied,* 109 S.Ct. 2070 (1985)). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Id.* (*citing Smith v. Murray,* 106 S.Ct. 2661 (1986)).

**b.** **APPLICATION OF THE PROCEDURAL DEFAULT STANDARD TO THE *GATCHEL* CASE.**

Under the first prong of *Maupin*, the Magistrate finds that Petitioner failed to comply with the state procedural rule. Under Ohio law, most errors and defects in a criminal proceeding may be challenged on appeal. *Freeman v. Maxwell*, 4 Ohio St. 2d 4, 6, 210 N. E. 2d 885, 886 (1966) *cert. denied,* 86 S. Ct. 634 (1966). It is well established that an error in sentencing is reviewable on appeal to the state court. *Walker v. Maxwell*, 1 Ohio St. 2d 136, 138, 205 N. E. 2d 394, 396 (1965). Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Sawyer,* 2009 WL 1424109, *3 (2009) (*citing State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967)). The doctrine of res judicata excludes subsequent actions or post-conviction petitions involving the same legal theory of recovery as the previous action or petition as well as claims which could have been presented in the first action or post-conviction petition. *Id.* (*citing State v. Cole,* 2 Ohio St.3d 112,

443 N.E.2d 169 (1982); *State v. Castro*, 67 Ohio App.2d 20, 425 N.E.2d 907 (1979); *State v. Blankenship*, Butler App. Nos. CA97-03-062, CA97-03-063 (Nov. 10, 1997)).  Such a mandate prevents repeated attacks on a final judgment.  *Id.* (*citing State v. Brown,* 2004 WL 2756273 (2004)).

In the present action, there is a firmly established state procedural rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars their litigation in subsequent state proceedings.  *Durr v. Mitchell*, 487 F. 3d 423, 432 (6th Cir. 2007) *cert. denied*, 128 S. Ct. 1652 (2008) (*citing Coleman v. Mitchell*, 268 F. 3d 417, 429 (6th Cir. 2001) *cert. denied,* 122 S. Ct. 1639 (2002); *Seymour v. Walker*, 224 F. 3d 542, 555 (6th Cir. 2000) *cert. denied*, 121 S. Ct. 1643 (2001)).  Petitioner did not avail himself of the state procedural proceedings on direct appeal designed to address the voluntariness of his plea.  Ohio's res judicata rule prevents Petitioner from litigating, post-conviction, any claim that was not litigated on direct appeal.

Under the second prong of the Maupin standard, the court of appeals court to which Petitioner sought review of this issue in a motion for post conviction relief, invoked the procedural rule, finding that this issue should have been raised on direct appeal and was thus res judicata (Docket No. 10, Exhibit 42).

With respect to the third prong, a state judgment invoking the procedural bar rests on the state's *res judicata* rule barring post-conviction claims which could have been raised on direct appeal.  Ohio's doctrine of res judicata rule is an adequate and independent state ground justifying foreclosure of constitutional claims in a habeas proceeding.  *See Frazier v. Huffman,* 343 F. 3d 780, 804 (6th Cir. 2003) (*citing Coleman v. Mitchell*, *supra*, 268 F. 3d at 428-429).

Finally under the fourth prong, Petitioner contends that his claim of diminished capacity was properly asserted in a motion for post conviction relief to the court of appeals.  However, he failed to request that the Supreme Court of Ohio accept jurisdiction to address this issue.  Petitioner contends that good cause exists for his failure to present the claim to the Supreme Court of Ohio.  As a *pro se* litigant, Petitioner contends that he is not familiar with appellate procedures.  Consequently, the Court should construe his interpretation and/or

13

application of the procedural rules liberally and in his favor.

The Magistrate does not find that these arguments establish cause to excuse Petitioner's procedural default.  The Sixth Circuit Court of Appeals determined that a petitioner's *pro se* status before the Ohio Supreme Court is insufficient to establish cause to excuse procedural default.  *Bonilla v. Hurley*, 370 F. 3d 494, 498 (6th Cir. 2004) *cert. denied*, 125 S. Ct. 506 (2004) (*citing Hannah v. Conley*, 49 F. 3d 1193, 1197 (6th Cir. 1995)).  Further, ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse procedural default.  *Id.*

The Magistrate finds that Petitioner's *pro se* status does not constitute a legitimate excuse for the default.  Additionally, Petitioner failed to show the actual harm resulting from a constitutional violation.  Accordingly, the Magistrate is foreclosed from conducting review of the Petition for Writ of Habeas Corpus.

## V.  CONCLUSION

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus, grant the Motion to Dismiss and terminate the referral to the Magistrate.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:   June 16, 2010


## V.  NOTICE FOR REVIEW

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall

constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.

15