IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charles Gatchell, | Case No. 1:09 CV 565 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Rich Gansheimer, | |
| Respondent. | |

**INTRODUCTION**

Petitioner Charles Gatchell,[1] a prisoner in state custody at Lake Erie Correctional Institution in Conneaut, Ohio, filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Respondent filed a Motion to Dismiss (Doc. No. 10) and Petitioner filed a Traverse/Response to the Motion to Dismiss (Doc. No. 11). Petitioner alleges his detention violates the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.

The case was referred to Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommends the

---

[1] This Court notes Petitioner's name is spelled 'Gatchel' in most, if not all, of the Ohio state court filings and spelled 'Gatchell' in these federal court proceedings. This Opinion will use the 'Gatchell' spelling where needed for consistency.

Court deny the Petition and grant the Motion to Dismiss (Doc. No. 12). Petitioner objects (Doc. No. 15) to the R&R.

### DISCUSSION

*Background*

The R&R accurately recites the relevant and extensive procedural background, and this Court adopts that record summary it in its entirety (Doc. No. 12, pp. 2-7). Briefly summarized, Petitioner has five prior convictions for operating a vehicle while intoxicated. This action stems from Petitioner's guilty plea to a sixth operating while intoxicated indictment for which he was sentenced to five years in prison. Petitioner pursued a variety of claims on direct appeal and in several collateral actions for post-conviction relief simultaneously. Petitioner's claims included challenges to the indictment, his plea, the sentence imposed, and assistance of counsel. The habeas Petition before this Court includes a combination of the claims presented in Petitioner's various state court actions.

*Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a federal habeas court to limit its analysis to the law as it was "clearly established" by the U.S. Supreme Court at the time of the state court decision. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has provided direction on the application of this standard in *Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405-406; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). This depends on the existence of a holding of the Supreme Court controlling the issue at the time of the relevant state court decision. If a controlling holding does not exist, then the court must deny the petition.

The "unreasonable application" prong of Section 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle" from the Supreme Court's decisions "but unreasonably applies that principle to the facts" of petitioner's case. *Williams*, 529 U.S. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (citing *Williams*, 529 U.S. at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams*, 529 U.S. at 409.

Furthermore, "where the state court decides a claim on the merits but does not articulate the reasons for its decision, [a federal habeas court is] 'obligated to conduct an independent review of the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented.'" *Stewart v. Erwin*, 503 F.3d 488, 493-94 (6th Cir. 2007) (quoting *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000)). "This 'independent review' is 'not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the

3

state court's result is not in keeping with the strictures of the AEDPA.'" *Stewart*, 503 F.3d at 494 (quoting *Harris*, 212 F.3d at 943).

## ANALYSIS

### *Procedural Default*

The doctrine of procedural default prevents federal habeas courts from reviewing federal claims that the state courts declined to address because of a petitioner's failure to comply with state procedural requirements. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Procedural default occurs when the last state court rendering a decision makes a "plain statement" basing its judgment on a procedural bar. *Harris v. Reed*, 489 U.S. 255 (1989). "The mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Bowling v. Parker*, 344 F.3d 487, 498 (2003) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (holding the last state court rendering a reasoned judgment must "clearly and expressly" state that its judgment rests on a procedural bar for the doctrine of procedural default to apply).

In cases where no state court has addressed petitioner's issue(s) in a reasoned judgment, but has merely denied relief in a summary fashion, the federal habeas court must determine whether the decision rested on "adequate and independent" state grounds. The Sixth Circuit has held that in such cases, the federal courts assume "that had the state court addressed [the] petitioner's . . . claim, it would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

The Sixth Circuit has adopted a four-part test to determine whether a habeas petitioner's grounds for relief are procedurally defaulted and thus beyond federal habeas review:

> First, the federal court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. Second, the federal court must determine whether the state courts actually enforced the state procedural sanction - that is, whether the state courts actually based their decisions on the procedural rule. Third, the federal court must consider whether the procedural rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. . . . Fourth, if the federal court answers the first three questions in the affirmative, it would not review the petitioner's procedurally defaulted claim unless the petitioner can show cause for not following the procedural rule and that failure to review the claim would result in prejudice or a miscarriage of justice.

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)) (internal citations omitted).

A petitioner may overcome procedural default by showing both cause for the failure to comply with the state procedural rule and prejudice resulting from the alleged constitutional violation. *See Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998). To establish cause, a petitioner "must show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To establish prejudice, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

### *Res Judicata*

The procedural rule of res judicata dictates a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat

5

the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court *and* every issue or defense that *should have been raised* in the previous action. *Id.* (emphasis added). The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id.*

Under Ohio law, "the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of res judicata." *Wong*, 142 F.3d at 322. Furthermore, Ohio "has a rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars their litigation in subsequent state proceedings." *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St. 2d 175 (1967)). This rule is particularly focused on a petitioner's claims that were not raised on direct appeal but instead raised in petitions for post-conviction relief. *Id.* The Sixth Circuit has held "application of res judicata . . . is an adequate and independent state ground for barring habeas review of constitutional claims." *Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001).

### *Evolution of Petitioner's Claims*

Before considering the concepts of procedural default and res judicata in the context of Petitioner's claims, it is helpful to review the various actions pursued in parallel by Petitioner in seeking post-conviction relief. Petitioner has pursued two different sets of claims in seeking relief in his direct appeals and in his several petitions for post-conviction relief.

6

On direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court, Petitioner raised five points of error, each of which was a variation on the argument that the trial court erred by sentencing Petitioner to more-than-the-minimum prison term in violation of Petitioner's assorted constitutional rights. These included violations of due process and ex post facto clauses of the Ohio and U.S. Constitutions and claims that the trial court erred by failing to follow the rule of lenity, by acting contrary to the intent of Ohio legislators, and by failing to follow the precedent in *State v. Foster*, 109 Ohio St. 3d 1 (2006). The Ohio Court of Appeals and Ohio Supreme Court denied relief on these five alleged points of error. *State v. Gatchel*, 2007-Ohio-1075 (Ohio App. 2007); *State v. Gatchel*, 114 Ohio St. 3d 1483 (2007). None of the five claims presented in Petitioner's direct appeal are included in his Petition before this Court and accordingly have not been considered.

After initiating, but before the conclusion of his direct appeal, Petitioner pursued two separate actions for post-conviction relief based on a variety of claims that have evolved to resemble the six claims now presented in this action. In the first of these actions, Petitioner filed a petition to vacate or set aside judgment in the Lake County Court of Common Pleas approximately five months after he filed his direct appeal with the Ohio Court of Appeals (Doc. No. 10, Ex. 19). Petitioner claimed denial of due process due to his inability to understand the nature of the plea proceedings because he was under the influence of drugs. The Court of Common Pleas denied this first action for post-conviction relief, from which Petitioner appealed to the Ohio Appeals Court (Doc. No. 10, Ex. 20). In the appeal of this first post-conviction relief action, Petitioner raised five points of error: (1) ineffective assistance of counsel; (2) invalid plea due to Petitioner being under the influence of a synthetic form of heroin; (3) violation of constitutional rights due to denial of access to an "additionologist" and revocation of bond; (4) constructive denial of assistance of counsel; and (5)

denial of due process by being "leveraged" into a plea agreement from which the court departed when sentencing Petitioner. *Id.*

Not content with allowing the appeal of his first post-conviction relief action to proceed along with, and parallel to, his ongoing direct appeal, Petitioner filed a second action for post-conviction relief in the Lake County Court of Common Pleas. In this second action, Petitioner filed a motion to withdraw his guilty plea and a motion to dismiss (Doc. No. 10, Ex. 34). The issues raised in the second post-conviction relief action represent a refinement of the issues raised in his first post-conviction appeal. Here, Petitioner raised six issues: (1) prior uncounseled misdemeanors were unlawfully used to enhance the charge to a felony; (2) indictment lacked adequate articulation of essential elements; (3) indictment was a product of double jeopardy; (4) Petitioner was "cajoled" to enter plea while under diminished mental capacity; (5) plea was unknowing, involuntary, and unintelligent due to Petitioner's state of mind; and (6) ineffective assistance of counsel.

When the Court of Common Pleas denied Petitioner's second post-conviction action, he appealed to the Ohio Court of Appeals (Doc. No. 10, Ex. 35, 36) where Petitioner asserted five of the above six issues plus one new issue. He dropped the claim that his plea was "unknowing, involuntary, and unintelligent" and replaced it with a claim that the trial court erred by dismissing the action on the grounds of res judicata.

The Court of Appeals, recognizing the duplicity of the actions and the claims being asserted by Petitioner, denied both appeals, citing Petitioner's failure to comply with Ohio Criminal Rule 32.1 with regard to withdrawing his plea and citing res judicata as barring the rest of his claims due to his failure to raise the issues on direct appeal. *State v. Gatchel*, 2008-Ohio-4667, ¶¶ 22-24, 26-27. The Ohio Supreme Court dismissed Petitioner's appeal of the second post-conviction relief action as not

involving any substantial constitutional question. *State v. Gatchel*, 120 Ohio St. 3d 1491 (2009). In the interim, the Court of Appeals also affirmed the lower court's denial of Petitioner's first post-conviction relief action (*State v. Gatchel*, 2008-Ohio-1029 (Ohio App. 2008)). Petitioner did not appeal the denial of his first post-conviction relief action to the Ohio Supreme Court.

### *Review of Petitioner's Habeas Claims*

It is against this backdrop that this Court reviews Petitioner's six habeas claims, mindful of the procedural posture in which each of the claims was originally presented to the state court. This Court, conducting a review under the AEDPA and the Sixth Circuit's four-part inquiry of procedural default in *Maupin*, reaches the same result as the state court and the Magistrate's R&R in finding Petitioner's claims procedurally defaulted, thus preventing review by this Court.

Before analyzing Petitioner's six habeas claims, this Court must identify where each of the claims was last considered by the state court in order to perform the *Maupin* inquiry. For purposes of reviewing procedural default, "the 'state judgment' with which we are concerned is 'the last *explained* state court judgment.'" *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (emphasis in original) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)).

### *Petitioner's First Claim*

Petitioner's first claim reads: "Petitioner's guilty plea, finding of guilt and sentence for the repeat offenders specification in the indictment is void for lack of subject matter jurisdiction as the specification fails to contain the mandatory language (R.C. 2914.1413) in violation of due process and equal protection under the 5th, 6th and 14th Amendment[s] to the United States Constitution."[2]

---

[2] Note that Petitioner was never charged or sentenced under Ohio Rev. Code 2914.1413 and thus this claim could be dismissed as moot. The section cited in the claim, a repeat offender statute, was raised in the *State v. Bragwell* case submitted by Petitioner. For completeness, this analysis addresses the indictment as presented, followed by a brief discussion of why *Bragwell* is not applicable.

In Petitioner's second action for post-conviction relief, one error argued to the trial court was similar: "The charging instrument lack[s] adequate articulation of the essential elements of offense charged based on the reliance in the prior conviction-jurisdictional defect is transparent. Due process is violated" (Doc. No. 10, Ex. 28). In denying Petitioner's motion, the trial court cited Ohio Criminal Rule 32.1 as barring Petitioner's argument for failure to withdraw his plea before sentencing and for failing to demonstrate "manifest injustice" as required by the Rule (Doc. No. 10, Ex. 30).

In response to the trial court's denial, Petitioner appealed to the Court of Appeals, arguing the refusal to vacate his guilty pleas due to res judicata violated due process and equal protection. *State v. Gatchel*, 2008-Ohio-4667, ¶ 12. The Court of Appeals affirmed the trial court's denial of Petitioner's motion. Petitioner then filed a notice of appeal to the Ohio Supreme Court, restating the issue as follows, "Appellant's guilty plea, finding of guilt and sentence for the repeat offender specification in the indictment is void for lack of subject matter jurisdiction as the specification fails to contain the mandatory language for conviction of R.C. 2914.1413 and must be vacated" (Doc. 10, Ex. 45).

While the language used in Petitioner's appeal to the Ohio Supreme Court tracks closer to the language of his first claim than the language used in the Court of Appeals petition, it is the Court of Appeals and not the Ohio Supreme Court that provided the last explained state court judgment. The Ohio Supreme Court in denying Petitioner's appeal simply stated: "[T]he Court denies leave to appeal and dismisses the appeal as not involving any substantial constitutional question." *State v. Gatchel*, 120 Ohio St. 3d 1491 (2009). While a short statement by a state supreme court in dismissing an appeal can constitute a last "explained" judgment by simply identifying the relevant statute, the Ohio Supreme Court made no such mention. *Munson*, 384 F.3d at 314.

10

The Court of Appeals however did quote and consider Petitioner's argument in light of Criminal Rule 32.1, concluding the "claims he raised in support of his post-sentence motion to withdraw his guilty plea were known to him at the time he pursued his direct appeal. Because appellant could have raised them at that time, he cannot now raise them in a post-sentence motion to withdraw his guilty plea." *State v. Gatchel*, 2008-Ohio-4667, ¶ 22. Taken together, it is clear the trial and appellate courts' denial of Petitioner's challenge to the validity of his indictment and subsequent guilty plea were last explained by the state trial and appellate courts, not the Ohio Supreme Court.

Under the first *Maupin* prong, Ohio Criminal Rule 32.1 applies because it provides explicit requirements for withdrawal of a guilty plea after sentencing. Petitioner pled guilty and, as held by the Ohio trial and appellate courts, failed to demonstrate "manifest injustice" to challenge his plea. *State v. Gatchel*, 2008-Ohio-4667, ¶ 19. The state procedural rule applies and Petitioner has failed to comply with its terms.

Second, the state court actually enforced Rule 32.1 as evidenced by both the trial and appellate courts' explicit citation of the rule as precluding Petitioner's challenge to the indictment post-sentencing. *State v. Gatchel*, 2008-Ohio-4667, ¶¶ 22-24.

The third *Maupin* prong is also satisfied. It has previously been established that Criminal Rule 32.1 "is an adequate and independent state ground on which the state can rely" under *Maupin*. *Peoples v. Moore*, 2008 WL 2498136, *7 (S.D. Ohio 2008) (finding Criminal Rule 32.1 an adequate and independent state ground justifying the foreclosure of constitutional claims in a habeas proceeding).

Fourth, Petitioner has not shown cause for failing to follow Criminal Rule 32.1 nor has Petitioner shown that failure to review the claim would result in prejudice. Petitioner has not shown

11

an objective external factor which prevented compliance with Rule 32.1 as required by *Bonilla*. Petitioner has also not shown the alleged defects in the specification "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions" as required by *Frady*.

Petitioner's reliance on *State v. Bragwell*, 2008-Ohio-3406, in one of his many state court filings does not help his cause. The appellant-defendant in *Bragwell* raised an assignment of error that reads nearly identically to Petitioner's first claim. However, *Bragwell* can be distinguished from this case. Whereas Petitioner was sentenced to five years imprisonment as permitted by the statute indicated in the indictment (Ohio Rev. Code 4511.19), the defendant in *Bragwell* was sentenced according to the same statute *along with* a repeat offender specification (Ohio Rev. Code 2941.1413) (Doc. No. 10, Ex. 49). The court in *Bragwell* found that because the trial court failed to inform the defendant that the repeat offender specification required his sentences under both 4511.19 and 2941.1413 be served consecutively, defendant's plea could be vacated for not being "knowing and intelligent." *Bragwell*, 2008-Ohio-3406, ¶ 57-58. No such misrepresentation took place in Petitioner's plea and thus this argument lacks merit.

Accordingly, Petitioner's first claim is procedurally defaulted, preventing review by this Court.

### *Petitioner's Remaining Claims*

Unlike the first claim, Petitioner's remaining claims were presented in his second action for post-conviction relief in substantially the same form as presented to this Court (i.e., indictment's use of uncontested misdemeanors, plea is product of diminished mental capacity, denied effective assistance of counsel, and double jeopardy). *State v. Gatchel*, 2008-Ohio-4667, ¶¶ 13-17.

The state trial and appellate courts each denied Petitioner's appeal on these issues citing res judicata as barring their consideration. *State v. Gatchel*, 2008-Ohio-4667, ¶¶ 26-27. The Ohio Court of Appeals, citing *State v. Perry*, noted that each of Petitioner's issues could have been raised on direct appeal and thus were barred from consideration in the post-conviction relief action. *Id.* As stated in *Perry*, "[c]onstitutional issues cannot be considered in post-conviction proceedings . . . where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." *State v. Perry*, 10 Ohio St. 2d 175, 176 (1967).

This Court, in performing a four-prong *Maupin* analysis of the state court's reliance on res judicata, reaches the same conclusion as the state court, barring this Court's review of these claims.

The first and second *Maupin* prongs are easily satisfied. The doctrine of res judicata, as general rule discussed above, is applicable to Petitioner's claims. The state court explicitly, and correctly, applied the doctrine of res judicata in denying Petitioner's appeal. "Appellants remaining five issues are reiterations of claims he raised in his post-sentence motion to withdraw his guilty plea. Thus, they are barred by res judicata since he could have raised them on direct appeal." *State v. Gatchel*, 2008-Ohio-4667, ¶ 26.

The third *Maupin* prong is also satisfied under established precedent. As previously stated, the Sixth Circuit has held "application of res judicata . . . is an adequate and independent state ground for barring habeas review of constitutional claims." *Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001).

Finally, Petitioner has not shown cause for failing to pursue his claims on direct appeal as required under the doctrine of res judicata nor has Petitioner presented evidence that failure to review

13

his claim would result in prejudice or a miscarriage of justice. This Court has carefully reviewed the record from the first plea hearing, which was stopped due to Petitioner's drugged appearance, and from the second plea colloquy, where the trial court accepted a knowing guilty plea, and cannot identify any prejudicial evidence (Doc. No. 10, Ex. 20).

Petitioner argues in his Objection to the R&R that *Bousley v. U.S.* allows habeas petitioners to mount collateral attacks on guilty pleas where claim is procedurally defaulted. However, *Bousley* does not help Petitioner. In *Bousley*, the Supreme Court stated that to pursue defaulted claims in habeas, a petitioner must first demonstrate either "cause and actual prejudice" or that he is "actually innocent." *Bousley v. U.S.*, 523 U.S. 614, 622-24 (1998) (citing *Murray v. Carrier*, 477 U.S. 478 (1986)). As discussed above, Petitioner has failed to demonstrate cause, actual prejudice or actual innocence. Furthermore, the Court in *Bousley* stated, "[T]here are nonetheless significant procedural hurdles to its consideration on the merits. We have strictly limited the circumstances under which a guilty plea may be attacked on collateral review. It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. . . . And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621 (internal citations and quotations omitted). Thus, even if Petitioner could show cause or prejudice, he is still procedurally barred from challenging his plea because he failed to attack the voluntariness and intelligence of his plea on direct review.

### *Petitioner's New Claim*

Petitioner's new claim, unlike the five claims above, was not presented in the second action for post-conviction relief in the state courts. Instead, this claim for denial of due process and equal

14

protection based on the court's failure to appoint a "medical expert additionologist" and revocation of Petitioner's bond for appearing at his first plea hearing under the influence of drugs, was presented in Petitioner's first action for post-conviction relief in the form of a petition to vacate or set aside judgment. Unlike his second action for post-conviction relief, Petitioner appealed to the Ohio Court of Appeals but did not appeal to the Ohio Supreme Court. Therefore, the last reasoned judgment on this claim is found in the appellate court's judgment affirming the trial court's denial of the Petitioner's petition to vacate or set aside judgment. *State v. Gatchel*, 2008-Ohio-1029 (Ohio App. 2008).

However, the difference in procedural posture does not change the result and this claim is also barred from review by this Court. The Court of Appeals, again relying on the principle of res judicata for Petitioner's failure to raise this claim in his direct appeal, affirmed the trial court's denial of Petitioner's petition to dismiss or vacate judgment. As stated by the court, "If appellant is to overcome the overruling of his motion based on res judicata, he must adduce evidence outside the record that demonstrates that he could not have appealed the constitutional claims based upon information already in the record. Here, appellant points to nothing outside the record that would entitle him to relief under Ohio Rev. Code 2953.21. Thus, we conclude that the trial court correctly denied appellant's petition for post-conviction relief without a hearing. Since the remainder of the issues contained in appellant's five assignments of error could have been raised on direct appeal, res judicata bars their consideration now." *State v. Gatchel*, 2008-Ohio-1029, ¶ 35.

Accordingly, for the same reasons given above, this Court is barred from reviewing Petitioner's new claim.

15

**CONCLUSION**

In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a de novo determination of the Magistrate's findings and adopts the recommendation to deny the Petition and grant the Motion to Dismiss.

The Petition (Doc. No. 1) is dismissed. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 31, 2010